UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| FERNANDO M. VIZCARRA, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] <br><br> Defendant. | Case No. ED CV 16-01736-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Fernando M. Vizcarra ("Plaintiff") appeals from the Social Security Commissioner's final decision denying his applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons discussed below, the Commissioner's decision is affirmed and this matter is dismissed with prejudice.

///

///

///

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Social Security Commissioner. Thus, she is automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).

# I.
# BACKGROUND

Plaintiff filed applications for DIB and SSI alleging disability beginning on April 27, 2010. See Administrative Record ("AR") 13, 206-15. Plaintiff's claims were denied, as was his request for reconsideration. See AR 96-117, 120-26. Plaintiff then requested a hearing before an administrative law judge ("ALJ"). See AR 135-37. On January 13, 2015, the ALJ conducted a hearing at which he heard testimony from a vocational expert ("VE") and Plaintiff, who was represented by counsel. See AR 30-73.

On February 23, 2015, the ALJ issued a written decision denying Plaintiff's claims for benefits. See AR 13-25. Despite finding that Plaintiff had severe impairments of a right distal tibia/fibula fracture, status post open reduction internal fixation and hardware removal, and osteoarthritis of the right ankle, the ALJ determined that his impairments did not meet or equal the severity of a listed impairment. See AR 15-16. He also found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> [Plaintiff] can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; he can stand and/or walk for two hours out of an eight-hour workday with regular breaks; he can sit for six hours out of an eight-hour workday with regular breaks; he can occasionally push and/or pull with the right lower extremity; he cannot climb ladders, ropes, or scaffolds; he can occasionally climb ramps and stairs, balance, stoop, and crawl; and he must avoid exposure to all hazards.

AR 16.

In reaching this conclusion, the ALJ determined that Plaintiff's testimony and other statements about the extent of his limitations were "less

than fully credible." AR 17. The ALJ found that Plaintiff was unable to perform his past relevant work as an audio visual technician or truck driver. See AR 22. However, based on the testimony of the VE, the ALJ found that Plaintiff could perform other work in the national economy: assembler, nut sorter, and final assembler. See AR 23. The ALJ concluded that a finding of "not disabled" was warranted. AR 23-24.

On June 13, 2016, the Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-6. Plaintiff sought judicial review in this Court. See Dkt. 1.

## II.
## DISCUSSION

The parties dispute whether "the ALJ could rely upon vocational expert testimony with an apparent conflict with the *Occupational Outlook Handbook*." See Joint Submission (Dkt. 29) ("JS") at 4.

**A.  Applicable Law**

At step five of the Commissioner's sequential evaluation process, "the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); see also 20 C.F.R. §§ 404.1566(b), 416.966(b). The Dictionary of Occupational Titles ("DOT") is the Commissioner's "primary source of reliable job information" and creates a rebuttable presumption as to a job classification. Johnson v. Shalala, 60 F.3d 1428, 1434 n.6, 1435 (9th Cir. 1995); see also Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008). Where, as here, the testimony of a VE is used at step five, the VE must identify a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy. See Osenbrock v. Apfel, 240 F.3d 1157, 1162-63 (9th Cir. 2001); Burkhart v. Bowen, 856 F.2d

3

1335, 1340 n.3 (9th Cir. 1988).

However, an ALJ may not rely on a VE's testimony regarding the requirements of particular jobs that the claimant might be able to perform without first inquiring of the VE whether his testimony conflicts with the DOT and without obtaining a reasonable explanation for any apparent conflicts. See Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling ("SSR") 00-4p). An ALJ may rely on VE testimony that contradicts the DOT only insofar as the record contains persuasive evidence to support the deviation. See Johnson, 60 F.3d at 1435; see also Tommasetti, 533 F.3d at 1042; Light v. Soc. Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997). "[A]n ALJ is required to investigate and resolve any apparent conflict between the VE's testimony and the DOT, regardless of whether a claimant raises the conflict before the agency." Shaibi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2017) (as amended Feb. 28, 2018).

Although the DOT is the Commissioner's primary source of job information, the Commissioner may consult "reliable job information available from various governmental and other publications." See 20 C.F.R. §§ 404.1566(d), 416.966(d). One such publication is the Occupational Outlook Handbook ("OOH"), published by the Bureau of Labor Statistics. See id.

**B.     Background**

Because the ALJ found that Plaintiff did not have any transferable skills from his past relevant work, see AR 22, Plaintiff is considered under the Commissioner's rules as having an unskilled work history. See Silveira v. Apfel, 204 F.3d 1257, 1261 (9th Cir. 2000) ("[C]laimants with a skilled or semi-skilled work history with no transferable skills will be treated the same as those with an unskilled work history."). The three jobs identified by the ALJ at step five were assembler (DOT 734.687-018), nut sorter (DOT 521.687-086), and final assembler (DOT 713.687-018). See AR 23. The VE testified that each

of these jobs involved "unskilled work." AR 70-71. Specifically, each of these jobs has a Specific Vocational Preparation ("SVP") time of "Level 2," meaning that the time it generally takes to learn the job is "[a]nything beyond short demonstration up to and including 1 month." See DOT Appendix C – Components of the Definition Trailer, 1991 WL 688702 (1991); see also Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990). Jobs with an SVP time of Level 2 correspond precisely to the Commissioner's definition of unskilled work. See Terry, 903 F.2d at 1276-77 (citing 20 C.F.R. § 404.1568(a)); see also 20 C.F.R. § 416.968(a).

Plaintiff contends that his limitation to unskilled work created an apparent and unresolved conflict not with the DOT, but with the OOH and a "crosswalk" publication called the Occupational Information Network ("O*Net"). See JS at 6-8. According to the OOH and the O*Net, the three occupations in this case belong to broader categories of jobs that require "moderate-term on-the-job training," which is defined as training lasting more than one month and up to twelve months. See id. at 7; Dkt. 28. Training for that duration corresponds to SVP times of Levels 3 to 5, an indication of semi-skilled or skilled work. See DOT Appendix C – Components of the Definition Trailer, 1991 WL 688702 (1991) (defining training times for SVP levels); SSR 00-4P, 2000 WL 1898704, at *3 (defining semi-skilled work as requiring an SVP time of Levels 3-4 and skilled work as requiring an SVP time of Levels 5-9). Thus, because the OOH and O*Net classify the three occupations at issue in this case as at least semi-skilled, Plaintiff argues that the ALJ erred by failing to identify and resolve the apparent conflict.

**C.     Analysis**

Plaintiff's argument is unpersuasive. First, Plaintiff waived this claim by failing to raise it before the agency. An ALJ has no duty to sua sponte investigate possible conflicts between the VE's testimony and the OOH. See

5

Shaibi, 883 F.3d at 1109. Although an ALJ does have an independent duty to investigate possible conflicts with the DOT, there is "no authority suggesting that the same is true for the . . . OOH." Id. It makes no difference that, as Plaintiff points out, the OOH is listed in the Commissioner's regulations as a source of job information of which the Commissioner may take administrative notice. See JS at 6; 20 C.F.R. §§ 404.1566(d), 416.966(d). Shaibi expressly rejected the argument that a job publication's appearance in the regulations imposes an affirmative duty of investigation upon ALJs. See 883 F.3d at 1109 n.6 ("It does not follow that an ALJ must in every case reconcile conflicts sua sponte between each of those data sources and the VE's testimony. That requirement was established in SSR 00-4P . . . only for the DOT and an associated document."). And given that the O*Net is not even listed in the Commissioner's regulations as an alternative source of job information, Plaintiff's argument that the ALJ should have sua sponte investigated possible conflicts with that publication has even less force.

     Although Shaibi involved waiver in the specific context of a claimant's failure to challenge a VE's job numbers, the Ninth Circuit's reasoning applies equally well here to Plaintiff's failure to challenge the VE's testimony about job skill level. Unlike the DOT, which is essentially a self-contained document, publications such as the OOH and O*Net require "information and inferences not contained in the documents themselves" and therefore are "not amenable to an ALJ's sua sponte consideration." Shaibi, 883 F.3d 1109 n.6. This problem persists regardless of the type of conflict or evidentiary deficiency a claimant is attempting to show through the OOH, the O*Net, or other non-DOT materials. Other district courts in this circuit have concluded that claims based on non-DOT materials that are not raised before the agency are waived not only as to job numbers but as to the VE's testimony on the whole. See Gonzalez v. Berryhill, No. 17-5402, 2018 WL 456130, at *2 (C.D. Cal. Jan.

17, 2018) (collecting cases); Williams v. Berryhill, No. 16-1989, 2017 WL 8283320, at *1 (C.D. Cal. Dec. 4, 2017). The Court finds these authorities persuasive. Thus, this claim is waived.

Second, even if the claim is not waived, it is meritless. The Commissioner's applicable ruling expressly imposes an affirmative duty on ALJs to investigate and resolve apparent conflicts with the DOT, not other sources of job information. See SSR 00-4P, 2000 WL 1898704, at *4 ("When a VE or [vocational specialist] provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or [vocational specialist] evidence and information provided in the DOT."). According to the DOT, each of the three jobs identified by the ALJ has an SVP time of Level 2, consistent with Plaintiff's vocational limitation to unskilled work. See DOT 734.687-018, 521.687-086, 713.687-018. Because no apparent DOT conflict arose, the ALJ satisfied his investigatory obligations under SSR 00-4P. Plaintiff has not cited any binding authority for the proposition that an ALJ commits reversible error when he satisfies his obligations under SSR 00-4P to investigate potential conflicts with the DOT yet fails to consult other sources of job information such as the OOH or the O*Net for potential conflicts. See Poe v. Comm'r of Soc. Sec., 342 F. App'x 149, 158 (6th Cir. 2009) ("[SSR 00-4P] does not require that the ALJ attempt to address or resolve conflicts between the testimony of a vocational expert and the Occupational Outlook Handbook."); Ryan v. Astrue, 650 F. Supp. 2d 207, 218 (N.D.N.Y. 2009) ("Even if the VE's testimony was in conflict with O*Net, there is no requirement that the VE's testimony comply with that database. Instead, the VE's testimony must comply with the DOT.").

Third, it makes no difference that the occupational materials cited by Plaintiff are considered generally reliable and, perhaps in some instances, more

current than the DOT. Plaintiff asserts that the O*Net is preferred by most federal agencies as an updated source of job information. See JS at 6; see also Nguyen v. Colvin, No. 13-1338, 2014 WL 2207058, at *2 n.1 (C.D. Cal. May 28, 2014) ("Because the DOT has not been updated since 1991, it is considered obsolete by most other federal agencies outside the Social Security Administration. Even the Department of Labor, the publisher of the DOT, now uses the O*NET instead.") (citation and internal quotation marks omitted). But as one other district court recently observed, the Commissioner of Social Security has decided that the O*Net in its current form is not suitable for disability determinations. See Moffit v. Berryhill, No. 17-4015, 2018 WL 276770, at *6 (D. Kan. Jan. 3, 2018) (citing a report by a panel of the National Academy of Sciences reviewing the O*Net for applicability to Social Security cases). Instead, the Social Security Commissioner "is developing its own parallel classification system," which is still pending. See Dimmett v. Colvin, 816 F.3d 486, 489 (7th Cir. 2016). In this circumstance, the ALJ had no duty to take administrative notice of the O*Net and then use information from that source to override contrary information from the DOT.

Finally, Plaintiff has not advanced any persuasive argument for why the DOT was less reliable than the O*Net or the OOH as a source of information in this specific instance about the skill levels for the three jobs identified by the VE. Plaintiff does not dispute the accuracy of the jobs' basic descriptions in the DOT: an assembler "[i]nserts paper label in back of celluloid or metal advertising buttons and forces shaped stickpin under rim"; a nut sorter "[r]emoves defective nuts and foreign matter from bulk nut meats" and identifies and discards defective nuts on a conveyor belt; and a final assembler "[a]ttaches nose pads and temple pieces to optical frames, using handtools" such as a screwdriver. See DOT 734.687-018, 521.687-086, 713.687-018. Yet Plaintiff has not attempted to explain why these duties are so complex that the

ALJ should have consulted and credited non-DOT information suggesting that these jobs require training of more than one month and up to twelve months, so as to be classified as semi-skilled or even skilled jobs. The Court therefore has no basis to conclude that the ALJ failed to fulfill his duty of identifying and resolving apparent conflicts in occupational information.

In sum, Plaintiff's argument is waived but is meritless in any event. Thus, remand on this issue is unwarranted.

## III.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: April 05, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge